UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-48-FDW-DSC

| | |
|---|---|
| MICHAEL LEE HARRIS, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| STATE BUREAU OF INVESTIGATION, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Complaint. [Doc. 1]. He has filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [Doc. 2].[1]

## I. BACKGROUND

The *pro se* Plaintiff, is serving a sentence of between 32 years and 39 years, two months, in the North Carolina Department of Adult Corrections on Guilford County convictions including a 2002 first-degree rape.[2] He filed this case pursuant to 42 U.S.C. § 1983. He names as Defendants, all of whom are alleged to reside in Raleigh, North Carolina: the North Carolina State Bureau of Investigation (SBI); Robin Pendergraft, the former SBI director; and Sharon R. Hinton, a forensic biologist. The Plaintiff claims that the Defendants "never got siliva samples or blood samples or DNA sample from [the Plaintiff] to prove [he] was the perpetrator," and that he is actually innocent of the offense. [Doc. 1 at 5, 13] (errors uncorrected). He seeks $3 million for pain and suffering, and his release from prison. [Id.].

## II. DISCUSSION

---

[1] The Court declines to rule on Plaintiff's Application because venue is improper in this Court.

[2] The Plaintiff is instructed to refer to the rape victim by using only her initials in all future filings.

1

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. 28 U.S.C.A. § 1406(a).

The Complaint addresses incidents that allegedly occurred in High Point, North Carolina,[3] in the Middle District of North Carolina, and all of the Defendants are alleged to be located in Raleigh, North Carolina, which is located in the Eastern District of North Carolina. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant,[4] venue would be proper in the Middle District, where the incidents are alleged to have occurred, or in the Eastern District, where the Defendants are located. The Court concludes that this case should be transferred to the Middle District in the interest of justice.

### III.    CONLUSION

For the reasons stated herein, this action will be transferred to the Middle District of North

---

[3] High Point is located in Guilford, Davidson, Randolph, and Forsyth Counties. See https://www.highpointnc.gov/; Fed. R. Ev. 201.

[4] The Court makes no determinations about the potential merit or procedural viability of this case.

Carolina. The Plaintiff is instructed to refer to the rape victim by using only her initials in all future filings.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the Middle District of North Carolina.

2. The Plaintiff is instructed to refer to the rape victim in all future filings by using only her initials.

Signed: January 30, 2023

_____
Frank D. Whitney
United States District Judge

3

Case 1:23-cv-00088   Document 3   Filed 01/31/23   Page 3 of 3